**Malikimran MALIK, aka Imran Malik, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–72474.

Agency No. A70–072–108.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Oct. 23, 2003.

Before CUDAHY,* GOODWIN, and KLEINFELD, Circuit Judges.

MEMORANDUM**

The adverse credibility determination survives review under the substantial evidence standard.[1] The BIA articulated substantial reasons that bear a "legitimate nexus" to the determination.[2]

The BIA and IJ noted that: (1) Malik returned several times to Pakistan from Iran, despite the claimed danger; (2) Malik's testimony regarding his trip to Dubai was inconsistent with the stamps in his passport; (3) the Country Report does not support Malik's account; (4) Malik's refusal to respond to a subpoena in Pakistan for

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

**1.** *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002).

**2.** *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990).

fear of bringing himself to the authorities' attention was inconsistent with the letters his family wrote to high-level government officials; and (5) Malik made false statements to a United States immigration official. Also, (6) Malik failed to corroborate his testimony with documentary evidence. Though corroboration is not required, "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." [3]

Petition DENIED.

---

3.  *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

\* This disposition is not appropriate for publication and may not be cited to or by the courts